IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

AT CLARKSBURG

ELECTRONICALLY FILED
May 25 2022
U.S. DISTRICT COURT
Northern District of WV

**TA'TYANA MOORE**

    **Plaintiff**

vs.                                                              Civil Action No: **1:22-CV-44 (Kleeh)**

**PERSONAL CARE AT EVERGREEN, INC.
D/B/A ASSISTED LIVING AT EVERGREEN,
INC. and LORI RANKIN**

    **Defendants**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, § 1441 and § 1446, Defendant, Personal Care at Evergreen, Inc. ("Evergreen"), by and through counsel, hereby files the following Notice of Removal and removes this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia, which is the judicial district in which the action is pending.  As shown below, this Court has original jurisdiction over this matter pursuant to diversity jurisdiction under 28 U.S.C. §1332(a); venue is proper; removal is timely; the action is between citizens of different states; and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Evergreen sets forth the grounds for removal as follows:

### I.  BACKGROUND

1. Plaintiff commenced the above-captioned matter by filing a Complaint in the Circuit Court of Monongalia County on or about April 26, 2022 against Evergreen and Defendant, Lori Rankin ("Rankin")  The state court action is styled *Ta'Tyana A. Moore v. Personal Care at*

*Evergreen, Inc. d/b/a Assisted Living at Evergreen, Inc. and Lori Rankin*, Civil Action Number 22-C-103  *See* Compl., attached as <u>Exhibit A</u>.

2. Plaintiff is an African American woman who asserts causes of actions for racial discrimination, hostile work environment, and constructive discharge. *Id.*

3. Plaintiff alleges in her Complaint that she "has been caused to suffer back pay, front pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, financial hardship, emotional distress, anxiety, embarrassment, and attorney fees." *See* Compl., ¶34.

4. Plaintiff alleges that the conduct of the Defendants was "malicious, willful, wanton" and "so outrageous and done with reckless indifference as to Plaintiff Moore's civil rights and West Virginia public policy" so as to give Plaintiff the right to recover punitive damages." *See* Compl., ¶¶36-37.

## II.   BASIS FOR REMOVAL

5. This civil action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by this defendant pursuant to the provisions of 28 U.S.C. § 1441 and 1446, because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### A.   DIVERSITY OF CITIZENSHIP

6. Plaintiff is an individual who at all relevant times, including upon the filing of this civil action, was a resident of the State of West Virginia.  *See* Compl., ¶1.

7. Defendant Evergreen is a corporation that is incorporated under the laws of Pennsylvania and that has it principal offices and place of business in Washington, Pennsylvania.

8. Defendant Rankin is an individual who at all relevant times, including at the time this civil action was filed, was a resident of the State of Pennsylvania. *See* Rankin Affidavit ¶¶4-5 attached as Exhibit B. The Complaint filed by Plaintiff erroneously alleges, upon information and belief, that Defendant Rankin is a resident of the State of West Virginia. *Id.*

9. The individual identified upon the Summons issued by the Circuit Clerk as Lori Rankin and purportedly having an address in Arthurdale, West Virginia is not the same person whom Plaintiff has identified in her Complaint as being the Administrator of Defendant Evergreen's Morgantown facility. Rather, the person named Lori Rankin, who at all relevant times acted as administrator of Defendant Evergreen Morgantown facility, resides in Pennsylvania. *See* Rankin Affidavit ¶¶4-5 attached as Exhibit B.

10. Thus, diversity of citizenship exists between Plaintiff and the Defendants because Plaintiff is a citizen of a state different from both Defendants who are named in her Complaint. 28 U.S.C. § 1332(d)(2)(A).

**B.    AMOUNT IN CONTROVERSY**

11. Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

12. Although Plaintiff does not specifically allege in her Complaint the amount of compensatory damages, punitive damages, or attorney fees that she is seeking, this Court may determine, by a preponderance of the evidence and based upon a review of the Complaint, that the matter in controversy herein exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See Griffith v. GE Money Bank, NCO Fin. Sys., Inc.* 2010 WL 2426006 (ND W.Va. June 1, 2010) (Stamp, J).

13. "The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Id* (citing *Hutchens v. Progressive Paloverde Ins. Co*, 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002 and *McCoy v. Erie Ins. Co.,* 147 F. Supp. 2d 481, 489 (S.D. W.Va. 2001).

14. This Court is not required "to leave common sense behind" when determining the amount in controversy. Id. (citing *Mullens v. Harry's Mobile Homes*, 861 F. Supp 22, 24 (S.D. W.Va. 1994).

15. In this case, Plaintiff is alleging that she was subject to egregious acts of racial discrimination by Defendant and that she is entitled to recover economic damages, general damages for emotional distress, and punitive damages.

16. Under *West Virginia Code* §59-7-29, a plaintiff who is entitled to recover punitive damages may be awarded an amount "of four times the amount of compensatory damages or $500,000, whichever is greater."

17. Plaintiff also seeks to recover reasonable attorney's fees since her claims are brought under the West Virginia Human Rights Act [W.Va. Code §5-11-1 et. seq.] *See* Compl., ¶¶ 19,22. Where the statute upon which a plaintiff's claims are based creates a substantive right to recover attorney's fees, the fees may be considered in calculating the amount in controversy. *Saval v. BL Ltd.* 710 F. 2d 1027, 1033 (4th Cir. 1983). *See also: Griffith v. GE Money Bank, NCO Fin. Sys., Inc.* 2010 WL 2426006 (ND W.Va. June 1, 2010) (Stamp, J).

18. Upon considering all allegations of Plaintiff's Complaint, including the alleged egregiousness of Defendants' racially discriminatory conduct and the multiple monetary remedies being sought, including compensatory damages, punitive damages, and attorney fees, it is more

likely than not that any judgment that would be entered if the Plaintiff prevailed on the merits of her claims would exceed $75,000, exclusive of interests and costs.

19. Therefore, the amount in controversy in this case is greater than the jurisdictional minimum of $75,000.00, exclusive of interests and costs.

### III. VENUE IS PROPER

19. The Circuit Court of Monongalia County, West Virginia is located within the United States Northern District of West Virginia. *See* 28 U.S.C. § 129(a). Thus, venue is proper in this Court as it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### IV. PLEADINGS AND PROCESS

20. As required by 28 U.S.C. § 1446(a), Evergreen has attached copies of all state court process, pleadings, and orders served upon Evergreen in the state court prior to this Notice of Removal. *See* Exhibits C. A copy of the docket sheet from the Circuit Court of Monongalia County is attached as Exhibit D.

### V. CONSENT TO REMOVAL

21. Under 28 U.S.C. § 1441(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

22. Upon information and belief, Defendant Rankin has not, as of the time of the filing of this Notice of Removal, been served with the Complaint in this civil action. Nevertheless, Defendant Rankin has provided written consent to the removal of this civil action from Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia, Clarksburg Division. *See* Rankin Affidavit ¶8 attached as Exhibit B.

## VI. NOTICE OF FILING OF REMOVAL PAPERS

23. In accordance with 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to Plaintiff and to the Clerk of the Circuit Court of Monongalia County, West Virginia. A copy of the Notice of Filing Notice of Removal (without exhibits) has been attached as <u>Exhibit E</u>.

WHEREFORE, Evergreen requests that this Court assume full jurisdiction over the cause herein as provided by law, and that the Circuit Court of Monongalia County, West Virginia proceed no further in this matter. This defendant further demands that the trial of this matter in federal court be heard by a jury, on all issues so triable.

Dated: May 25, 2022

**PERSONAL CARE AT EVERGREEN, INC.**
**By Counsel,**

/s/ Michael P. Addair
Michael P. Addair, Esquire (WVSB # 10561)
**ADDAIR LAW OFFICE PLLC**
600B Prestige Park Dr., Suite 4
Hurricane, WV 25526
Telephone: (304) 881-0411
Facsimile: (304) 881-0342
maddair@addairlawoffice.com

Kurt Entsminger (WVSB #1130)
**ESTEP ENTSMINGER LAW GROUP PLLC**
600 Kanawha Boulevard, East, Suite 201
Charleston, West Virginia 25301
Telephone: (304) 357-9200
Facsimile: (304) 357-9201
kentsminger@employmentlawwv.com

*Counsel for Defendant, Personal Care at Evergreen, Inc.*