IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

TA'TYANA A. MOORE,

      Plaintiff,

v.                                      Civil Action No.: 22-C-103

PERSONAL CARE AT EVERGREEN, INC.
D/B/A ASSISTED LIVING AT EVERGREEN, INC.,
and LORI RANKIN,
      Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Ta'Tyana A. Moore, and for her cause of action against Defendant, Personal Care at Evergreen, Inc. d/b/a Assisted Living at Evergreen, Inc. and Lori Rankin, and states and alleges as follows, to-wit:

### PREFACE

1. Plaintiff, Ta'Tyana A. Moore, (hereinafter "Plaintiff Moore") is an adult individual who now and at all times relevant herein resides in Morgantown, Monongalia County, West Virginia. Plaintiff is a female, African American citizen of the United States.

2. Based upon information and belief, Defendant, Personal Care at Evergreen, Inc. d/b/a Assisted Living at Evergreen, Inc., (hereinafter referred to as "Defendant Evergreen") is a foreign corporation existing within the State of West Virginia; Defendant Evergreen actively, systematically conducts, contracts, and transacts business in West Virginia by engaging in the business of nursing and residential care and receiving the benefits of conducting business within the State of West Virginia; Defendant Evergreen is registered to conduct, contract and transact business within the State of West Virginia. Defendant Evergreen's principal office address is 336 North main Street, Washington, PA 15301,

1

USA; and Defendant's notice of process address is Dr. Anthony Canterna, 336 N. Main Street, Washington, PA 15301.

3. Based upon information and belief, Defendant Lori Rankin, (hereinafter referred to as "Defendant Rankin") is an individual resident of West Virginia. At all times relevant herein Defendant Rankin acted as the administrator of Defendant Evergreen's Morgantown facility.

4. Upon information and belief at all times relevant herein, Plaintiff Moore, was hired by Defendant Evergreen on July 19, 2019 as a residential aide.

5. Throughout the duration of her employment, Plaintiff Moore completed all of her job duties in a satisfactory or above satisfactory manner and committed no separate dischargeable offense.

6. In June of 2020, a situation occurred during Plaintiff's shift where she was the only aide on the floor that she was working on. A resident, who was known to be a "runner", was trying to run from the facility and Plaintiff Moore asked a nurse, Tonya, for help. The nurse told Plaintiff Moore that she was not a babysitter and left after she gave the resident his medicine. This resident's roommate's pendant was ringing and Plaintiff Moore needed to be able to check on him but could not leave the runner alone. She found another employee who she asked to help with the runner while she checked on his roommate. The roommate had suffered a fallHe and Plaintiff Moore helped him get to the ambulance.

7. On or about June 9, 2020, Plaintiff Moore received a suspension notice for the dates of June 9, 2020, June 11, 2020 and June 13, 2020. The suspension notice alleged that Plaintiff Moore let a resident ring his pendant for over one (1) hour and forty (40)

minutes. However, Plaintiff Moore was the only aide on the floor at the time and the nurse, who was aware of the situation, did not help her. Plaintiff Moore was the only person suspended in relation to this incident.

8. On or about July 20, 2020, Defendant Lori Rankin asked Plaintiff if she was interested in training for Approved Unlicensed Medication Assistive Personnel ("AMAP").

9. On or about September 18, 2020, Plaintiff received a certificate of completion from the West Virginia Department of Health & Human Resources ("DHHR") Office of Inspector General for passing the competency examination for Approved Unlicensed Medication Assistive Personnel ("AMAP").

10. On or about November 6, 2020, Plaintiff passed the NHA Medical Assistant (CCMA) Certification Exam.

11. Despite the fact that Defendant Rankin asked Plaintiff if she was interest in training to be an AMAP and Plaintiff received the certification required, Defendant Rankin only gave Plaintiff part of the training required to work as an AMAP and refused to complete her training.

12. Throughout Plaintiff Moore's employment with Defendants, she was subjected to other white employees using racial slurs, such as the "N word". Plaintiff Moore also worked with a white employee, Vanessa, who made comments about black workers not working hard. This same employee also took pictures of a black male employee and reported that he was not working.

13. Plaintiff Moore was also treated in a disparate manner as she was not allowed to call off when she needed to on numerous occasions. If Plaintiff Moore tried to call off, she was

told that she had to come in to work that date. However, other white employees were allowed to call off as needed.

14. Plaintiff fearing continued discrimination by Defendant Evergreen and/or Defendant Rankin, felt no other choice but to resign on or about January 7, 2021. Plaintiff Moore did not commit any separate dischargeable offense.

15. After Plaintiff Moore was constructively discharged, Defendant Rankin hired a white female for the AMAP role and provided the white female with the completed training needed to perform that role.

16. Plaintiff Moore did not commit any separate dischargeable offense. Based upon information and belief, although Defendant Evergreen and/or Defendant Rankin has alleged differently, the same is merely a pretext for Defendant Evergreen's constructive discharge of Plaintiff Moore.

17. As a direct and proximate result of the acts and omissions described herein, Plaintiff Moore was injured and damaged as hereinafter set forth.

## COUNT 1 – RACIAL DISCRIMINATION

18. Plaintiff Moore hereby re-alleges each and every allegation contained in paragraphs one (1) through seventeen (17) as if fully restated herein.

19. Defendant Evergreen and Defendant Rankin's conduct as herein alleged violated The West Virginia Human Rights Act [W. Va. Code § 5-11-1 *et seq.*], which makes unlawful discrimination against employees based on race.

20. Plaintiff Moore is an African American female citizen of the United States of America.

21. Plaintiff Moore was treated in a disparate manner based at least in part upon her race by Defendants, in that they failed to address her reports of discrimination and hostile work

environment, permitted her co-workers to continuously use racial slurs and make discriminatory comments about African Americans in Plaintiff's presence, as well as issue her a meritless disciplinary action and suspension. Further, Defendants refused to complete Plaintiff's training for the AMAP position but then hired a white female employee and completed her training for that same position.

22. Defendants have discriminated against Plaintiff Moore on the basis of her race in violation of The West Virginia Human Rights Act [W. Va. Code § 5-11-1 *et seq.*]

23. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff Moore suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff Moore suffered damages in an amount to be proved at trial.

## COUNT 2 – HOSTILE WORK ENVIRONMENT

24. Plaintiff Moore hereby re-alleges each and every allegation contained in paragraphs one (1) through twenty-three (23) as if fully restated herein.

25. During Plaintiff Moore's duration of employment by Defendants, employees and/or agents of Defendants made offensive comments, statements and/or suggestions about or directed to Plaintiff Moore, including the use of racial slurs such as the "N word" and comments about black workers not working hard.

26. Such behavior was unwelcomed by Plaintiff Moore in the work environment and rendered the workplace and working conditions hostile and unbearable.

27. As a direct and proximate result of the illegal, wrongful, reckless, willful, intentional, negligent, and tortuous harassment of Plaintiff Moore by Defendants, Plaintiff Moore has suffered damages as hereinafter set forth.

## COUNT 3 – CONSTRUCTIVE DISCHARGE

28. Plaintiff Moore hereby re-alleges each and every allegation contained in paragraphs one (1) through twenty-seven (27) as if fully restated herein.

29. At all times relevant herein, Plaintiff Moore maintains and therefore avers that her constructive discharge and/or crucial aspects of her employment were motivated in whole or in part by her race.

30. At all times relevant herein, Defendant Evergreen and Defendant Rankin had actual knowledge of the wrongful actions of its employees and disparate treatment it took against Plaintiff Moore.

31. Based upon the unlawful treatment by Defendant Evergreen and Defendant Rankin, Plaintiff Moore had no other choice than to resign.

32. As a direct and proximate result of the acts and/or omissions of Defendant Evergreen and Defendant Rankin as alleged herein, Plaintiff Moore incurred damages, injuries and losses as hereinafter set forth

## DAMAGES

33. Plaintiff Moore hereby restates each and every allegation set forth in paragraphs one (1) through thirty-two (32) of this Complaint as if fully rewritten herein.

34. As a direct and proximate result of the acts and/or omissions of Defendant Evergreen and Defendant Rankin, Plaintiff Moore has been caused to suffer back pay, front pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, financial hardship, emotional distress, anxiety, embarrassment, and attorney fees.

## PUNITIVE DAMAGES

35. Plaintiff Moore hereby realleges each and every allegation contained in paragraphs one (1) through thirty-four (34) as if fully restated herein.

36. Defendant Evergreen and Defendant Rankin's conduct was malicious, willful, wanton and done with a reckless disregard for Plaintiff Moore's rights; and thereby caused Plaintiff Moore to suffer all of the injuries and damages hereinbefore set forth for which Defendant Evergreen and Defendant Rankin should be required to respond in punitive damages.

37. The acts of the Defendant Evergreen and Defendant Rankin as described in each count of this Complaint are so outrageous and were done with reckless indifference as to Plaintiff Moore's civil rights and West Virginia public policy and Plaintiff Moore was wrongfully injured and damaged as a direct and proximate result of the Defendant Evergreen and Defendant Rankin aforesaid conduct which caused Plaintiff Moore to suffer all of the injuries and damages hereinafter set forth for which the Defendant Evergreen and Defendant Rankin should be required to respond in punitive damages.

WHEREFORE, Plaintiff, Ta'Tyana A. Moore, demands judgment against Defendant Personal Care at Evergreen, Inc. d/b/a Assisted Living at Evergreen, Inc. and Defendant Lori Rankin, jointly and severally, in an amount in excess of the minimum jurisdictional limits of compensatory damages, plus interest and costs and such further relief as a Court or jury may find just. Together with punitive damages against the Defendants, in an amount that will punish Defendants from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter others from committing this type of conduct in the State of West Virginia in the future and in such amount as will satisfy all other reasons of law and public policy

for an award of punitive or exemplary damages; and Plaintiff further prays for an award of attorney fees, costs, interests, and for such other relief as the Court or jury deems just.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES

Respectfully submitted,
Ta'Tyana A. Moore

_____
Of Counsel

Ambria Britton, Esq. (12053)
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
(304)472-5007
Facsimile: (304) 472-1126
abritton@klielawoffices.com